JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 13-01143 DMG (DTBx) | Date | July 1, 2013 |
| Title | *BAC Home Loans Servicing LP v. Larry J. Parker, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On April 18, 2011, Plaintiff BAC Home Loans Servicing, LP filed a Complaint in San Bernardino County Superior Court for unlawful detainer against Defendants Larry J. Parker, Wanda S. Parker, and Does 1 through 10 [Doc. # 1]. The Complaint alleges that Plaintiff purchased the subject property, where Defendants reside, at a trustee's sale that was perfected on March 21, 2011. (*Id.* ¶ 7, Ex. A.) On March 31, 2011, Plaintiff caused to be served on Defendants a three-day Notice to Quit, but Defendants failed to deliver up possession of the property. (*Id.* ¶ 9.) Plaintiff initiated this unlawful detainer action to obtain possession of the subject property. (*Id.* ¶ 11.) Defendant Wanda Parker filed a Notice of Removal on June 27, 2013.

The "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

In the Notice of Removal, Defendant Wanda Parker asserts that this Court has jurisdiction based on a federal "Consent Judgment and Order" that allegedly required Plaintiff to comply with certain standards of debt collection and loan servicing, among other things. (Not. of Removal ¶ 11.) The Complaint, however, states no facts to support a federal question on its face,

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
</mark>
</mark>
</mark>
</mark>
</mark>
</mark>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-01143 DMG (DTBx)** | Date | July 1, 2013 |
|---|---|---|---|
| Title | *BAC Home Loans Servicing LP v. Larry J. Parker, et al.* | Page | 2 of 2 |

and the possibility of a defense under federal law is insufficient to create subject matter jurisdiction.[1]  *See Vaden*, 556 U.S. at 60.

Because Defendant Wanda Parker has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**

---

[1] The removal may be defective in other ways as well.  The Notice of Removal does not appear to have been served within 30 days after receipt by Defendants of the Complaint, which was filed on April 18, 2011.  *See* 28 U.S.C. § 1446(b).  Furthermore, Defendant Larry J. Parker does not indicate his consent to the removal.  *Id*. at § 1446((b)(2)(A).